UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TONY BURNETT, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-526-RLM-MGG |
| JOHN GALIPEAU, et al., | |
| Defendants. | |

OPINION AND ORDER

Plaintiff Tony Burnett filed a complaint on his own behalf while incarcerated at Westville Correctional Facility. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

According to Mr. Burnett, he paid $8.10 to ship his TV home but it was never delivered. He learned that it was never shipped in the first place. Consequently, Mr. Burnett filed a tort claim with the Indiana Department of Correction, but he was reimbursed for only the shipping cost and not the TV itself, which wasn't returned to him. Mr. Burnett sued in this court, seeking damages for the lost TV and the stress that this situation has caused him.

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's Tort Claims Act, Indiana Code § 34-3-31 *et seq.*, and other laws provide for state judicial review of property losses caused by government employees and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See* Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). As a result, Mr. Burnett's complaint for loss of personal property doesn't state a claim for which relief may be granted in this court and so must be dismissed.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). It would be futile to allow Mr. Burnett to amend as there are no plausible facts he might provide in an amended complaint which could state a claim consistent with those he has already alleged.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED on May 18, 2020

                                                s/ Robert L. Miller, Jr.
                                                JUDGE
                                                UNITED STATES DISTRICT COURT